# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| ANA CANTU AND JOSE CANTU | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| UNITED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | JURY DEMANDED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "UPC") Defendant in the above cause, and pursuant to Rule 15 of the Federal Rules of Civil Procedure and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.

### BACKGROUND

1. Petitioner is the Defendant in a civil action now pending in the County Court of Law No. 1 of Hidalgo County, Texas, Cause Number CL-22-0498-A, styled Ana Cantu & Jose Cantu v. United Property & Casualty Insurance Company, wherein Plaintiffs seek monetary relief for contractual and extra-contractual causes of action arising out of a claim for home damage allegedly caused by the February 15, 2021, weather event.

### II.

### BASIS FOR REMOVAL

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiffs. Defendant is not a citizen of the State of Texas.

1

3. The district courts of the United States also have original jurisdiction over this action based on the amount in controversy, which exceeds the sum or value of $75,000.00.

## III.

## DIVERSITY IN CITIZENSHIP

4. The Plaintiffs, Ana Cantu and Jose Cantu, are domiciled in Hidalgo County, in the State of Texas, and were domiciled there at the time this action commenced. Plaintiffs were at that time and are now citizens of the State of Texas.

5. The Defendant, UPC, is a corporation incorporated under the laws of the State of Florida, having its principal place of business now and at the time this action was commenced in St. Petersburg, Pinellas County, in the State of Florida. Defendant is now, and was at the time this action was commenced, a citizen of the State of Florida and of no other state.

6. Accordingly, diversity of citizenship exists among the parties.

## IV.

## AMOUNT IN CONTROVERSY

7. The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

8. On or about August 25, 2021, Plaintiffs sent a demand letter in which Plaintiffs demanded $89,000.00 in exchange for a full and final release.[1]

9. On or about February 16, 2022, Plaintiffs filed their Original Petition wherein they alleged contractual and extra-contractual causes of action against UPC.[2] In paragraphs 1.1 – 1.3 of their petition, Plaintiffs pled they were seeking relief of $250,000.00 or less.

---

[1] A true and correct copy of Plaintiffs' Demand Letter dated August 25, 2021, is attached hereto and incorporated herein as **Exhibit "A."**
[2] A true and correct copy of Plaintiffs' Original Petition dated February 16, 2022, is attached hereto and incorporated herein as **Exhibit "B."**

10. On March 17, 2022, UPC's counsel sent a proposed Rule 11 Agreement asking whether Plaintiffs would agree to neither seek nor accept any amount in excess of $75,000.00 for all damages and attorneys' fees exclusive of interest and costs and attached the proposed Rule 11 Agreement. Plaintiffs' counsel did not respond.

11. Should Plaintiffs prevail on the claims against Defendant, Plaintiffs would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of 442,000.00, other structures limits of $44,200.00, and contents limits of $132,600.00.[3]

12. Accordingly, considering all damages Plaintiffs would be entitled to, should they prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## V.

## APPLICABLE STATUTES

13. Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

14. This notice of removal is being filed timely under 28 U.S.C. §1446(b)(1) – within thirty days after the receipt of a copy of the initial pleading.

15. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

---

[3] A true and correct copy of the insurance policy's declarations pages are attached hereto and incorporated herein as **Exhibit "C."**

## VI.

## PRAYER

16. WHEREFORE, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the County Court at Law No.1 in Hidalgo County, Texas, to this Court on this 25th day of March 2022.

    Respectfully submitted,

    BY: /s/ *Victor V. Vicinaiz*
    Victor V. Vicinaiz
    State Bar No. 20562300
    Federal ID No. 10956
    Raul De La Garza
    State Bar No. 24087394
    Federal ID No. 2328369
    Attorneys-in-charge

    Of Counsel
    ROERIG, OLIVEIRA & FISHER, L.L.P.
    10225 North 10th Street
    McAllen, Texas 78504
    (956) 393-6300
    (956) 386-1625 (Fax)

    ATTORNEYS FOR DEFENDANT

## VERIFICATION

THE STATE OF TEXAS        :
                                         :
COUNTY OF HIDALGO   :

I, Victor V. Vicinaiz, being first duly sworn, depose and say that: I am counsel for Petitioner, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY. I am familiar with the contents of the above and to the best of my knowledge the contents thereof are true and correct.

_____
VICTOR V. VICINAIZ

SUBSCRIBED AND SWORN TO BEFORE ME by the said VICTOR V. VICINAIZ, this 24th day of March, 2022, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

NAIELA RAMIREZ
NOTARY PUBLIC
ID# 132830454
State of Texas
Comm. Exp. 12-17-2024

5

## **CERTIFICATE OF SERVICE**

  I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the below counsel of record in accordance with the Federal Rules of Civil Procedure:

***Via E-Service and Email*:**
Jason Palker
PALKER LAW FIRM, PLLC
4500 N. 10th St., STE. 220
McAllen, TX 78504
jason@palkerlaw.com


on this 25th day of March 2022

                */s/ Victor V. Vicinaiz*
                Victor V. Vicinaiz